UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

PAUL SIMMONS #697407,                                    Case No. 1:25-cv-00513

              Plaintiff,                                   Hon.  Robert J. Jonker
                                                        U.S. District Judge

    v.

UNKNOWN SUTTEN, et al.,

              Defendants.

_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

This Report and Recommendation (R. & R.) addresses Defendants' motion for summary judgment due to Plaintiff's failure to exhaust administrative remedies. ECF No. 15.  The R. & R. also addresses Defendants' motion to strike the sur-reply filed by Plaintiff.  ECF No. 21.

State prisoner Paul Simmons filed a complaint under 42 U.S.C. § 1983 alleging that Defendants violated his First Amendment rights by retaliating against him. ECF No. 1.  Defendants argue that Plaintiff failed to exhaust his administrative remedies against them.  The Court issued a screening opinion on June 5, 2025.  ECF No. 6.  The remaining claims are for alleged retaliatory acts by Defendants Sergeants (Sgt.) Spohn and Palmer, and Corrections Officer (CO) Sutten.  Plaintiff asserts in his remaining claims that:

- On November 17, 2024, Sgt. Spohn allegedly told officers to "ticket his ass every time he writes a grievance", ECF No. 1, PageID.3;

- On February 2, 2025, Sgt. Palmer gave Simmons a retaliatory misconduct ticket due to the filing of a PREA grievance, *id.*; and

- CO Sutton gave Simmons a retaliatory misconduct ticket in retaliation for Simmon's threat to file grievances, *id.*, PageID.4-5.

Simmons filed one grievance before he filed his complaint, but that grievance failed to exhaust his administrative remedies against Defendants for any of his remaining claims. Accordingly, it is respectfully recommended that the Court dismiss this case due to Plaintiff's failure to exhaust his administrative remedies.

## II. Motion To Strike

As an initial matter, Plaintiff filed a sur-reply. ECF No. 20. Defendant argues that the Court should strike ECF No. 20. ECF No. 21. This Court's Local Civil Rules allow for a response to a dispositive motion and then a reply to the response. W.D. Mich. LCivR 7.2(c). "The court may permit or require further briefing." *Id.* This Court has noted that "[i]t is well-established that parties do not have a right to file a sur-reply brief, whether under the Federal Rules of Civil Procedure or the Local Civil Rules of our district, and both this court and other federal courts rarely grant leave to file a surreply." *Aslani v. Sparrow Health Sys.*, No. 1:08-CV-298, 2009 WL 3711602, at \*22 (W.D. Mich. Nov. 3, 2009) (footnote omitted). The Court may grant leave to file a sur-reply to afford a party an opportunity to address new issues raised for the first time in the reply. *Eldridge v. Cardif Life Ins. Co.*, 266 F.R.D. 173, 175 (N.D. Ohio 2010).

Plaintiff's sur-reply addresses issues raised by Defendants that require

consideration by the Court.  Accordingly, it is recommended that the Court deny Defendant's motion to strike Plaintiff's sur-reply.

### III.  Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury[1] or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### IV.  Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove.  *Jones v. Bock*, 549

---

[1]    The Seventh Amendment does not always require courts to submit factual disputes about exhaustion to a jury. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015).  However, when the exhaustion issue is intertwined with the merits of a claim, the Seventh Amendment requires a jury trial on the exhaustion issue. *Richards v. Perttu*, 605 U.S. 460, 479, 145 S.Ct. 1793, 1807 (2025).

U.S. 199, 212-16 (2007).  "[W]here the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). To properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91

(2006).  "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"  *Jones*, 549 U.S. at 218-19.  In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Ross v. Blake*, 578 U.S. 632, 644 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524.  In the Court's view, this objective was achieved in three ways.  First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  *Id.* at 525.  Second, "the internal review might 'filter out some frivolous claims.'" *Id.* (quoting *Booth*, 532 U.S. at 737*).*  And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id*. When institutions are provided adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 1:07-cv-004, 2007 WL 3244075, *5 (W.D. Mich., Nov. 1, 2007).

Michigan Dept. of Corrections (MDOC) Policy Directive 03.02.130 (effective September 25, 2023) sets forth the applicable grievance procedures for prisoners in

MDOC custody at the time relevant to this complaint. Inmates must first attempt to informally resolve a grievable issue within two business days of becoming aware of the issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ W. If informal resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted informal resolution. *Id.* at ¶¶ W, CC. The inmate submits the grievance to a designated Grievance Coordinator, who assigns it to a respondent. *Id.* at ¶ CC. The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ Y (emphasis in original).

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. MDOC Policy Directive 03.02.130 at ¶¶ JJ. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for medical care grievances. *Id.* at ¶ LL.

If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ NN. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days

after the date the Step II response was due.  *Id.*   The Grievance Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ OO.

When the grievance procedures are not available because the issue presented is non-grievable, exhausting those procedures is not required.  It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well-known proverb states, they cannot have their cake and eat it too.").  However, when other administrative remedies are available, the prisoner is required to exhaust those remedies prior to filing a federal lawsuit.

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit.  *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010).  The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all*

7

> relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id.* at 325.   We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id.* at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).

## V.  Analysis

Simmons filed one grievance before filing his complaint.  That grievance –

**DRF-24-11-2600-17i** – was rejected at Step II and Step III.  ECF No. 16-3.  Further,

the grievance failed to name Defendants Sgt. Palmer or CO Sutten and failed to raise

any of the remaining issues that Simmons asserted in his complaint.  The Step I

grievance stated:

8

MICHIGAN DEPARTMENT OF CORRECTIONS      NOV 2 1 2024                    2600  4835-4247 10/94
PRISONER/PAROLEE GRIEVANCE FORM                                              CSJ-247A

Date Received at Step 1 11/21/24 _____ Grievance Identifier: DRF 24 11 2599

Be brief and concise in describing your grievance issue.  If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Paul Simmons | 697407 | DRF | F-40 | 11-17-24 | 11-17-24 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? Nov. 17, 2024
If none, explain why. There was no superior officer around to speak with.

State problem clearly.  Use separate grievance form for each issue.  Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form.  The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

I attempted to speak with Sgt. Spohn regarding the visiting room officer's inappropriate comments toward me. Sgt. Spohn stated, "So you're gonna come to daddy about a wife beater (tank top), telling on my officer... get out of here, write a grievance on whatever you have going on' bye." Sgt. Spohn then used hand gesture 3/4 times to shew/wave me off while saying get out' bye. Apprx. 2:15 pm - 2:25pm    Sgt. Spohn's refusal to hear my complaint was a dereliction of duty, as I was trying to notify him of the sexual harassment I had just experianced.

Paul Simm
Grievant's Signature

*Id.*, PageID.106.

First, Plaintiff failed to name Defendants Sgt. Palmer or CO Sutten in his Step I grievance.  Ultimately, the purpose of the grievance system is to alert prison officials to problems within their facilities.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The PD 03.02.130 ¶ (Y) states that to provide adequate notice to officials, the grievant must provide facts underlying the issue being grieved including the "names of all those involved" at Step I.  Issues within the scope of review at Step II and Step III appeals are limited to those issues addressed on the merits at each step of the grievance process.  *See Id.*; *Brown v. McCullick*, No. 18-2226, 2019 WL 5436159, at *3 (6th Cir. Apr. 23, 2019).

9

The MDOC requires a prisoner to identify the individuals being grieved, *Reed-Bey*, 603 F.3d at 324-25, and the subject matter of the grievance.  *Mattox*, 851 F.3d at 596.  An inmate must name each defendant in a properly exhausted grievance before he files a federal complaint.  *Kean v. Hughes*, No. 1:12-cv-847, 2013 WL 5771146 at *2 (W.D. Mich. Oct. 24, 2013) ("The MDOC had no reason to address a claim against any other employee").  Where a prisoner fails to name a Defendant in his Step I grievance, or mentions an individual involved for the first time during the Step III appeal of the denial of a grievance, the claim against that individual is not properly exhausted.  *Id*. at *6.  Plaintiff failed to name Defendants  Sgt. Palmer or CO Sutten in his grievance, accordingly grievance **DRF-24-11-2600-17i** did not exhaust claims asserted against Sgt. Palmer or CO Sutten.

Nor did Plaintiff assert any retaliation claims against Defendant Sgt. Spohn in grievance **DRF-24-11-2600-17i**.  Plaintiff was required to grieve his retaliatory misconduct claims in a properly filed grievance.  PD 03.02.130 ¶(P) 9, 11 ("If the prisoner wishes to pursue a claim that retaliation is the basis for a . . . misconduct [ticket], they must file a grievance on the sole issue of retaliation and it shall not be rejected").  Accordingly, it is the opinion of the undersigned that grievance **DRF-24-11-2600-17i** failed to exhaust any of the remaining claims asserted by Plaintiff in this case.

Moreover, grievance **DRF-24-11-2600-17i** did not properly exhaust any claim because it was rejected at both Step I and Step III.  As previously discussed, "proper exhaustion" requires that the plaintiff comply with the administrative agency's

deadlines and "critical procedural rules," such as time limits for filing grievances. *Woodford*, 548 U.S. at 90−95.  MDOC policy provides that a grievance shall be rejected if filed in an untimely manner.  PD 03.02.130 ¶ (P)(5).  Grievances are considered filed on the date they are received by the Department and must be stamped as such.  *Id.* ¶ (Z).  Here, Plaintiff Step II grievance was not received before it was due.  ECF No. 16-3, PageID.105.

Finally, Plaintiff claims that the MDOC grievance policy is ambiguous, making the exhaustion process unavailable to him.  To properly exhaust grievable claims, one must utilize all steps that the agency holds out and do so properly.  *Ngo*, 548 U.S. at 90.  Grievable claims are governed by the administrative process laid out in MDOC P.D. 03.02.130, which requires the grievant to appeal their grievance from Step I to a Step III appeal to exhaust their claim.  "The Supreme Court has identified three situations in which an administrative procedure is unavailable to prisoners and is therefore not subject to the exhaustion requirement: (1) 'when (despite what regulations or guidance materials may promise) it operates as a simple dead end— with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when 'some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it' because it is 'so opaque' or 'so confusing'; and (3) 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Lamb v. Kendrick*, 52 F.4th 286 (6th Cir. 2022) (quoting *Ross*, 578 U.S. 643-44).

In the rare circumstance where a prisoner shows that administrative procedure was unavailable, "he is not automatically absolved from the PLRA's exhaustion requirement." *Lamb*, 52 F.4th at 293 (citing *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015)). The Sixth Circuit requires inmates to make "affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Lee*, 789 F.3d at 677 (quoting *Napier v. Laurel Cnty.*, 636 F.3d 218, 223 (6th Cir. 2011)). "When a prisoner makes affirmative efforts to comply but does not succeed, we analyze whether those efforts to exhaust were sufficient under the circumstances." *Id.* (quoting *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (internal quotation marks omitted).

In the opinion of the undersigned, Simmons has failed to demonstrate that a genuine issue of material fact exists as to whether he was thwarted from exhausting his grievance. Simmons has not shown that the grievance process was unavailable to him. Nor has he shown that the policy was ambiguous or that he filed a relevant grievance that was rejected based upon a policy that was ambiguous. ECF 20, PageID.135. To the contrary, the record shows that Simmons was able to file a Step I grievance, filed a Step II appeal, and filed a Step III appeal. His grievance was rejected as untimely at Step II, but even if it was decided on the merits of the grievance, that grievance was not relevant to the remaining claims asserted in this complaint. Plaintiff has simply failed to show that he was thwarted from filing grievances.

## VI. Recommendation

The undersigned respectfully recommends that this Court deny Defendants' motion to strike Plaintiff's sur-reply and grant Defendants' motion for summary judgment due to Plaintiff's failure to exhaust his administrative remedies.

If the Court accepts this recommendation, this case will be dismissed without prejudice.


Dated:   April 23, 2026                               /s/ *Maarten Vermaat*
                                                      MAARTEN VERMAAT
                                                      U. S. MAGISTRATE JUDGE


NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).